# MARINO, TORTORELLA & BOYLE, P.C.
### ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA*†
JOHN A. BOYLE*
ROSEANN BASSLER DAL PRA*

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425

*ALSO ADMITTED IN NEW YORK
†ALSO ADMITTED IN PENNSYLVANIA

email: kmarino@khmarino.com

June 25, 2013

**VIA FEDERAL EXPRESS**
Honorable Shira A. Scheindlin, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten note from Judge:]* A premotion conference is scheduled for July 18 at 4:30pm, SO-ORDERED. 6/27/13 Shira A. Scheindlin USDJ

Re:   *Morgan Stanley v. Joseph F. "Chip" Skowron III*
       Docket No. 1:12 Civ. 08016 (SAS)

Dear Judge Scheindlin:

We represent Plaintiff, Morgan Stanley ("Morgan Stanley"), in this matter. Pursuant to Rule IV(A) of your Honor's Individual Rules and Procedures, we write (a) to respectfully request a pre-motion conference on Morgan Stanley's anticipated motion for partial summary judgment on liability in its favor against Defendant, Joseph F. "Chip" Skowron III ("Skowron"), on Count One of the Complaint, which asserts a violation of the faithless-servant doctrine; and (b) to explain the grounds for that motion.

From late 2006 to late 2010, Morgan Stanley employed Skowron as a Managing Director and co-portfolio manager of its FrontPoint Partners LLC ("FrontPoint") healthcare hedge funds. Morgan Stanley paid Skowron substantial compensation during that period of time. Skowron has since admitted that from at least April 2007 through at least November 2010, nearly his entire tenure at Morgan Stanley, he was engaged in a conspiracy to commit insider trading in the stock of Human Genome Sciences, Inc. ("HGSI"), a publicly-traded company in which FrontPoint held a long position, and obstruction of justice to conceal that insider trading from the SEC. Skowron pleaded guilty to that conspiracy in August 2011 and is presently serving a five-year prison term.

The faithless servant doctrine, on which Count One of the Complaint is based, "ensures that the unfaithful agent is not compensated for his disloyal actions," Webb v. RLR Associates, Ltd., No. 03 Civ. 4275 (HB), 2004 U.S. Dist. LEXIS 4489, at *6 (S.D.N.Y. Mar. 19, 2004) (citing Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928, 929 (1977)), by providing that an employee who violates his duties of good faith and loyalty to his employer must forfeit the compensation he received during his faithless service. The disgorgement obligation requires forfeiture of all compensation received after the employee's "first disloyal act." Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 211 (2d Cir. 2003); see also Blumenthal v. Kingsford, 32

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Shira A. Scheindlin, U.S.D.J.
June 25, 2013 – Page 2

A.D.3d 767, 768, 822 N.Y.S.2d 27, 28 (1st Dep't 2006) (faithless servant must forfeit "all salary and other compensation after his first faithless act"). The faithless servant must forfeit his compensation even if "the services were beneficial to the principal, or [ ] the principal suffered no provable damage as a result of the breach of fidelity by the agent.'" Phansalkar, 344 F.3d at 200 (quoting Feiger, 41 N.Y.2d at 928-29).

New York courts have employed two different standards for determining whether forfeiture of compensation is warranted under the faithless servant doctrine. Under the first standard, forfeiture is ordered only where the employee's misconduct substantially violates his duties to his employer — that is, when the "disloyalty 'permeates the employee's service in its most material and substantial part.'" Phansalkar, 344 F.3d at 201 (quoting Abramson v. Dry Goods Refolding Co., 166 N.Y.S. 771, 773 (1st Dep't 1917)). Under the second standard, forfeiture is ordered whenever an employee's conduct breaches his duty of good faith or loyalty toward his employer. Id. at 202. Thus, "[t]he second standard requires only that an agent 'act[] adversely to his employer in any part of [a] transaction, or omit[] to disclose any interest which would naturally influence his conduct in dealing with the subject of [his] employment.'" Carco Group, Inc. v. Maconachy, 383 Fed. Appx. 73, 76 (2d Cir. 2010).

Although, as the Second Circuit observed in Phansalker, New York courts have neither reconciled these different standards nor defined the circumstances in which each applies, the distinction between them is irrelevant here because Skowron was a faithless servant under either standard. Indeed, by conspiring (a) to engage in insider trading in stock held by the hedge funds he was charged with lawfully managing; and (b) to conceal his crime from the government agency charged with regulating the funds (and his conduct as their manager), Skowron engaged in disloyalty that not only was adverse to his employer and constituted a breach of his duties of loyalty and good faith, but that also "permeate[d]" his employment "in its most material and substantial part.'" Phansalkar, 344 F.3d at 201.

While Morgan Stanley's Complaint states various claims against Skowron, some of which are the subject of a pending motion to dismiss, he has no basis for contesting Morgan Stanley's faithless servant claim against him as a result of his conviction of the crime for which he is presently incarcerated. Skowron cannot dispute the facts underlying his conviction because he admitted those facts when pleading guilty and is barred by collateral estoppel from re-litigating them. See William Floyd Union Free Sch. Dist. v. Wright, 61 A.D.3d 856, 859, 877 N.Y.S.2d 395, 397 (2d Dep't 2009). Specifically, by pleading guilty to conspiracy to commit securities fraud and obstruct justice, Skowron admitted that he cultivated an improper relationship with Yves Benhamou, M.D., a doctor who served as a consultant for an HGSI drug trial, to obtain inside information about that trial; knowingly caused securities trades to be made based on that inside information; and then engaged, with Benhamou, in efforts to conceal that conduct from the SEC over an extended period of time.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Shira A. Scheindlin, U.S.D.J.
June 25, 2013 – Page 3

    Skowron is bound by those admissions, all of which were critical to his guilty plea. As the Second Circuit explained in New York v. Julius Nasso Concrete Corp., 202 F.3d 82 (2d Cir. 2000), a "criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel . . . in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case." Id. at 86 (internal quotations and citation omitted). That is because "'a guilty plea constitutes an effective judicial admission by a defendant that he committed the acts charged in the accusatory instrument.'" Barmapov v. Barry, No. 09 Civ. 03390, 2011 U.S. Dist. LEXIS 768, at *19 (E.D.N.Y. Jan. 5, 2011) (quoting People v. Lee, 58 N.Y.2d 491, 493-494 (1983)). Skowron is thus estopped from denying the facts that establish his liability on Morgan Stanley's faithless-servant claim.

    The quantum of damages due Morgan Stanley on its faithless servant claim — all of the compensation Skowron received during his faithlessness — can be determined on a separate motion if Skowron disputes the amount of his compensation. But the sole question Morgan Stanley will present on its partial summary judgment motion — whether Skowron, a Morgan Stanley Managing Director who committed a securities crime while being compensated by Morgan Stanley, is liable on Count One under the faithless servant doctrine — is ripe for summary disposition now. Summary judgment on that narrow issue is appropriate because Skowron cannot, now or ever, dispute that: (a) he committed crimes that went to the heart of his duties to Morgan Stanley; and (b) those crimes satisfy both standards for the disgorgement of his compensation under the faithless servant doctrine.

    For the reasons set forth above, Morgan Stanley respectfully requests that your Honor schedule a pre-motion conference for July 8, 11 or 12, 2013 on its request to file a motion for partial summary judgment and that you grant that request following the pre-motion conference.

    Thank you for your consideration of this submission.

    Respectfully submitted,

    Kevin H. Marino

cc:    Joshua H. Epstein, Esq.